IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIM JON SEMMERLING,          ) | |
|     Plaintiff,          ) | |
|                                 ) | |
|     vs.                          ) | **No. 1: 18 CV 06640** |
|                                 ) | Honorable Judge Robert Gettleman |
| CHERYL T. BORMANN,          ) | |
| UNITED STATES OF AMERICA    ) | |
|     Defendants         ) | |

**PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSE TO THE UNITED STATES OF AMERICA'S MOTION TO STAY**

NOW COMES the Plaintiff, Tim Jon SEMMERLING (Plaintiff herein), by his attorneys, Wigell Law Group, Ltd., and further supplements its previously filed response and first supplemental response to arguments in the United States of America's (USA herein) Motion to Stay. In support, Plaintiff states as follows:

INTRODUCTION

On September 28, 2018, Plaintiff filed a Four Count Complaint against Defendant, Cheryl T. Bormann (BORMANN herein) and USA based upon that BORMANN and other government employees had committed various acts against Plaintiff. On December 21, 2018, USA filed a Motion to Stay in its capacity of representing the government employees named in paragraph 1 of Plaintiff's Complaint at Law. Plaintiff filed a response to the USA's Motion to Stay on April 1, 2019. On April 18, 2019, Plaintiff filed a supplemental response to USA's motion to stay. Plaintiff files this second supplemental response based upon new information received to further support his arguments to oppose any stay of the lawsuit and to keep the court informed of continuing developments of the 9/11 proceedings in GITMO.

1

RECENT HEARINGS IN THE CRIMINAL CASE INDICATE ANOTHER DELAY IN THE TRIAL OF THE 9/11 DEFENDANTS BASED ON STATEMENTS BY BORMANN AND OTHER ATTORNEYS AT A PRETRIAL HEARING OF JULY 26, 2019 AND A RECENT NYT ARTICLE SUPPORT THE FACT THAT THE POSTURE OF THE CRIMINAL PROCEEDINGS DO NOT WARRANT A STAY AND THERE IS A GREAT INTEREST TO PROCEED EXPEDITIOUSLY WITH LITIGATION.

In supplement, Plaintiff cites and files a transcript of proceedings of July 26, 2019 in the 9/11 case (Filed as Exhibit A) for the court's review. Plaintiff also cites and files another recently released New York Times Article (Filed as Exhibit B) for the court's review. Both exhibits support Plaintiff's arguments that the posture of criminal proceedings does not warrant a stay. The transcript and New York Times Article also support Plaintiff's argument that there is great interest to proceed expeditiously with litigation.

Transcript of Pretrial Proceedings of July 26, 2019

A pretrial hearing was held on July 26, 2019 in the 9/11 case in relation to all defendants, including BIN-ATASH CLIENT. The discussion relevant to this supplemental filing pertains to arguments on a motion to set a trial date (Referred to in the transcript as Motion 639I). During these proceedings, the defense attorneys for the 9/11 defendants addressed a wide multitude of issues that need to be resolved prior to trial. Several issues that were raised during these proceedings included delivery of discovery, size of discovery, lack of equipment, technological needs which are being unmet, lack of infrastructure, inadequate manpower, inadequate resources and lack of certain funding, among other issues. (Tr. 113-226).

Several notable excerpts from the transcript include suggestions of further delay of the trial date. One defense attorney suggested a proposed trial date of over 2 years in the future while BORMANN suggested a "Hard Stop" with no foreseeable trial date set until discovery issues are resolved.

2

To further elaborate, Defense Attorney James Connell suggested a projected trial date of October 2021 with slippage (Tr. 156-157).

One example which highlights one of the discovery issues that is causing delay, Defense Attorney David Nevin informed the court that only 0.03 percent out of 6 million pages of Dianne Feinstein's Torture Report have been received in discovery. (Tr. 169).

In another telling excerpt of the transcript, BORMANN argues all the reasons that the trial date CANNOT be set at that point (Tr. 186-200). Many of which encompass the previously referenced issues. BORMANN proposes to the court what she refers to as a "hard stop" in the case until the discovery issue can be resolved. BORMANN stated to the court in relevant part:

"What I'm asking you to do is to take a hard stop, litigate what we can while the government completes discovery, and then make them certify it. Then hold them responsible when they violate it. Until we have that done, nothing on this case can move forward." (Tr. 200). The last sentence of the above quote is quite telling of any certainty of a firm trial date being set in the 9/11 proceedings.

These proceedings clearly show that a stay of the civil lawsuit would be unwarranted in this case. The arguments presented by BORMANN and the other defense attorneys for the 9/11 defendants clearly demonstrate the multitude of issues causing the extensive delays in the criminal case. The fact alone that there are still complex issues relating to discovery and several pretrial motions at this stage show that any resolution that would allow the case to proceed to trial will not occur any time in the foreseeable future. The current posture of the case as demonstrated in the transcript clearly undercuts the Government's argument that there will be a trial in the foreseeable future.

Further, this transcript illustrates and supports Plaintiff's argument that delays such as the one illustrated above that litigation of the civil lawsuit needs to proceed expeditiously. Again, as cited in the previous response and supplement, allowing the stay of civil proceedings could potentially result in the loss of favorable discovery/evidence to plaintiff. Witnesses could disappear, die, or have memories fade, which would compromise potential favorable testimony to the Plaintiff as well as the Plaintiff's ability to effectively prosecute his claims and conduct meaningful discovery. The continuous delays as demonstrated by the transcript clearly shows that there is no end in sight of the 9/11 proceedings and that an actual trial date will not materialize in the near future.

## Recent New York Times Article

The article focuses upon the positions of defense lawyers who represent the accused, including BORMANN, that the confessions obtained from the 9/11 defendants by the FBI and CIA were tainted, and that subsequent confessions obtained by so called "Clean Teams" by the Prosecution were also tainted by FBI and CIA misconduct. BORMANN is quoted stating that the "Clean Teams were a fiction from the very beginning" and "There was no separation, it was one big team."

Defense attorneys for all 9/11 defendants are challenging those confessions and also are asking the new Judge, to reverse interim Judge Keith Parella's decision to reinstate the confessions obtained by the FBI and CIA. The first trial Judge, Colonel James Pohl had ruled that the confessions were inadmissible.

The article references the fact that the case has been stuck in pretrial hearings since 2012 and will not go to trial before next year. The article further references the struggles the Military Commission has endured to decide multiple complex legal issues and as a result, the case is

unlikely to be decided even by 2021. The article also notes that defense attorneys are moving for the Judge to hold an extensive hearing regarding the interrogations that took place between 2002 and 2006 which alone could take 6 months to complete. Defense attorney James Connell notes that he has drawn a list of 112 pretrial witnesses for the hearing to support the argument that the confessions should be excluded from trial.

      This article clearly shows the true posture of the criminal case which is in clear contrast to the Government's argument that trial will occur in the foreseeable future. This latest development highlights a key issue in the 9/11 prosecution which has said that could take until at least 2021 to resolve. This development undercuts the Government's argument that trial will proceed in the foreseeable future and the Government's argument of a January 2019 trial date, which has since passed with no trial of any kind proceeding.

      Further, this article illustrates and supports Plaintiff's argument that delays such as the one illustrated above that litigation of the civil lawsuit needs to proceed expeditiously. Again, as cited in the previous response and supplement, allowing the stay of civil proceedings could potentially result in the loss of favorable discovery/evidence to plaintiff. Witnesses could disappear, die, or have memories fade, which would compromise potential favorable testimony to the Plaintiff as well as the Plaintiff's ability to effectively prosecute his claims and conduct meaningful discovery. The continuous delays as demonstrated by this NYT article clearly show that there is no end in sight of the 9/11 proceedings and that an actual trial date will not materialize in the near future.

## **CONCLUSION**

For all of the reasons stated above and in plaintiff's previously filed response and first supplemental response, this court should deny the Government's motion to stay civil proceedings. All of the factors support proceeding with plaintiff's civil suit.

Respectfully Submitted,

*/s/ Raymond G. Wigell*
Raymond G. Wigell

Wigell Law Group, Ltd.
Attorney for Plaintiff
20280 Governors Highway, Suite 204
Olympia Fields, Illinois 60461
(708) 481-4800 Office
708-481-4848
Email: rwigell@wcdchicago.com

**Certificate of Service**

I hereby certify that on August 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all appropriate parties.

By: */s/ Raymond G. Wigell*

Raymond G. Wigell
Wigell Law Group, Ltd.
20280 Governors Highway, Suite 204
Olympia Fields, IL 60461
(708) 481 – 4800 Office
(708) 481 – 4848 Fax
Email: rwigell@wcdchicago.com